IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


UNITED STATES OF AMERICA,          3:10-CR-493-BR

      Plaintiff,

                         OPINION AND ORDER

v.

RANDY LEE SHILL,

      Defendant.


S. AMANDA MARSHALL
United States Attorney
GARY Y. SUSSMAN
Assistant United States Attorney
1000 S.W. Third AveNUE, Suite 600
Portland, OR 97204-2902
(503) 727-1030

      Attorneys for Plaintiff

**STEVEN T. WAX**
Federal Public Defender
**LISA HAY**
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204
(503) 326-2123

        Attorneys for Defendants


**BROWN, Judge.**

     This matter comes before the Court on Defendant Randy Lee
Shill's Motion (#43) to Dismiss Superseding Indictment.  For the
reasons that follow, the Court **DENIES** Defendant's Motion.


<u>BACKGROUND</u>

I.    **Procedural Background.**

     The government filed its initial Complaint (#1) on
November 12, 2010, and an Indictment (#12) followed on
December 7, 2010, in which Defendant was charged with unlawful
Enticement of a Minor in violation of 18 U.S.C. § 2422(b).
According to the government, Defendant "knowingly and unlawfully
used and attempted to use a means of interstate commerce, namely
the Internet, to attempt to persuade, induce, entice, and coerce
an individual who had not attained the age of 18 years to engage
in sexual activity for which said defendant could be charged with
a criminal offense, all in violation of Title 18, United States
Code, Section 2422(b)."  If convicted under § 2422(b), Defendant

2 - OPINION AND ORDER

faces a mandatory minimum ten-year sentence.

Defendant filed his original Motion to Dismiss (#31) the Indictment on October 17, 2011.  In response, the government filed a Superseding Indictment (#38) on October 26, 2011, which Defendant concedes mooted that Motion to Dismiss.

The Superseding Indictment charges Defendant as follows:

> Beginning on or about October 23, 2010, and continuing to on or about November 10, 2010, in the District of Oregon, defendant RANDY LEE SHILL knowingly and unlawfully used and attempted to use a means of interstate commerce, namely the Internet, to attempt to persuade, induce, entice, and coerce an individual who he believed had not attained the age of 18 years to engage in sexual activity for which said defendant could be charged with a criminal offense, namely Sexual Abuse in the Third Degree, in violation of ORS 163.415, and Contributing to the Sexual Delinquency of a Minor, in violation of ORS 163.435, all in violation of Title 18, United States Code, Section 2422(b).

On November 14, 2011, Defendant filed his Motion (#43) to Dismiss Superseding Indictment in which he contends the Court should construe § 2422(b) as not criminalizing conduct otherwise within the scope of the statute if the described "sexual activity" would only be a misdemeanor offense under applicable law.

On January 26, 2012, the Court held a hearing on Defendant's Motion.

## II.  Factual Background.

The government alleges Defendant used the internet via his cell phone in an attempt to entice a 16-year-old female high-school student into engaging in unlawful sexual activity with him.

According to the government, Defendant contacted the minor, "JS," in October 2010 at a fund-raising event at a school football game and told her he had seen her at a local Target store and thought she looked "nice."  Defendant allegedly followed that contact with a Facebook.com "friend request" to JS in which he commented about how beautiful she was, but he also instructed her not to tell anyone about his contacts with her. When JS declined the friend request, Defendant allegedly emailed JS to ask why she had done so.

Shortly thereafter JS informed her father about Defendant's conduct.  JS's father called the police, who in turn notified the Federal Bureau of Investigation.  JS and her father consented to have FBI agents take over JS's Facebook account and email. Thereafter, posing as JS, the agents accepted Defendant's friend request, and Defendant allegedly engaged in a repeated and graphic series of attempts to persuade or to entice her to have sex with him.

The government alleges Defendant arranged to meet JS at a Portland, Oregon, Max Rail Station and stated he would bring with

him condoms and alcohol for JS.  Indeed, when officers arrested

Defendant at that Max Station on November 10, 2010, at the time

of the arranged meeting, Defendant allegedly possessed flowers,

alcohol, and condoms.

## III. Legal Background.

Title 18 U.S.C. § 2422(b) provides:

> Whoever, using the mail or any facility or
> means of interstate or foreign commerce, or
> within the special maritime and territorial
> jurisdiction of the United States knowingly
> persuades, induces, entices, or coerces any
> individual who has not attained the age of 18
> years, to engage in prostitution or any
> sexual activity for which any person can be
> charged with a criminal offense, *or attempts
> to do so*, shall be fined under this title and
> imprisoned not less than 10 years or for
> life.

Emphasis added.

The Ninth Circuit recently set out the elements of an

offense under § 2422(b) as follows:

> To convict [a defendant] under this statute,
> the government [must] prove that [the
> defendant], using a means of interstate
> commerce, "knowingly (1) attempted to
> (2) persuade, induce, entice, or coerce
> (3) a person under 18 years of age (4) to
> engage in sexual activity that would
> constitute a criminal offense." *United
> States v. Goetzke*, 494 F.3d 1231, 1234–35
> (9th Cir. 2007)(*per curiam*).

*United States v. Tello*, 600 F.3d 1161, 1164-65 (9th Cir. 2010).

As noted, the Superseding Indictment alleges Defendant

"could be charged with a criminal offense, namely Sexual Abuse in

the Third Degree, in violation of ORS 163.415, and Contributing

to the Sexual Delinquency of a Minor, in violation of ORS

163.435." Oregon Revised Statute § 163.415, which criminalizes

Sexual Abuse in the Third Degree, provides in relevant part:

> (1) A person commits the crime of sexual
> abuse in the third degree if:
>
>> (a) The person subjects another person
>> to sexual contact and:
>>
>>> (A) The victim does not consent to
>>> the sexual contact; or
>>>
>>> (B) The victim is incapable of
>>> consent by reason of being under 18
>>> years of age;
>>
>> * * *
>
> (2) Sexual abuse in the third degree is a
> Class A misdemeanor.

Oregon Revised Statute § 163.435, which criminalizes

Contributing to the Sexual Delinquency of a Minor, provides:

> (1) A person 18 years of age or older commits
> the crime of contributing to the sexual
> delinquency of a minor if:
>
>> (a) Being a male, he engages in sexual
>> intercourse with a female under 18 years
>> of age; or
>>
>> (b) Being a female, she engages in
>> sexual intercourse with a male under 18
>> years of age; or
>>
>> (c) The person engages in deviate sexual
>> intercourse with another person under 18
>> years of age or causes that person to
>> engage in deviate sexual intercourse.
>
> (2) Contributing to the sexual delinquency of

a minor is a Class A misdemeanor.


## STANDARDS

As noted, Defendant argues the language of § 2422(b) should be interpreted to exclude misdemeanor conduct from application of the statute.

The Ninth Circuit has set out the standards for the Court's review of the meaning of a statute:

> "The purpose of statutory construction is to discern the intent of Congress in enacting a particular statute." *United States v. Daas*, 198 F.3d 1167, 1174 (9th Cir. 1999).
>
> Our search for Congress's intent begins with "the plain meaning of the language in question." *United States v. 144,774 pounds of Blue King Crab,* 410 F.3d 1131, 1134 (9th Cir. 2005). If the relevant language is plain and unambiguous, our task is complete. *See United States v. Carter*, 421 F.3d 909, 911 (9th Cir. 2005). To discern the text's plain meaning, "words will be interpreted as taking their ordinary, contemporary, common meaning." *Id.* (internal quotation marks omitted).

*Cooper v. F.A.A.*, 622 F.3d 1016, 1028 (9th Cir. 2010). "Statutory interpretation focuses on 'the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.'" *United States v. Havelock*, 664 F.3d 1284, 1289 (9th Cir. 2012)(quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)). "Context" in this inquiry does not extend to legislative history, but refers to the statutory

context in which the language at issue appears.  *Havelock*, 664
F.3d at 1290.  *See also United States v. Gonzales*, 520 U.S. 1, 6
(1997).


## DISCUSSION

Defendant's challenge to the Superseding Indictment arises
from the following language in § 2422(b):  "any sexual activity
for which any person can be charged with a criminal offense."
Defendant contends this language is ambiguous, unconstitutionally
vague, runs contrary to Congressional intent, and would lead to
the "absurd" result of a mandatory minimum sentence of ten years
for conduct that would be a misdemeanor under Oregon law.  Thus,
Defendant contends the Court should (1) construe § 2422(b)
narrowly to exclude the allegedly absurd result of punishing with
a ten-year mandatory minimum sentence under federal law what
would be misdemeanor conduct under state law, (2) construe the
statute in favor of Defendant under the Rule of Lenity, or
(3) interpret the statute narrowly to avoid the "grave risk" of a
violation of the Eight Amendment's prohibition against cruel and
unusual punishment under the Doctrine of Constitutional
Avoidance.

## I.  Statutory Construction.

As noted, the Court "must begin with the language employed
by Congress and the assumption that the ordinary meaning of that

8 - OPINION AND ORDER

language accurately expresses the legislative purpose."
*Havelock*, 664 F.3d at 1289 (quoting *Park 'N Fly, Inc. v. Dollar
Park & Fly, Inc.*, 469 U.S. 189, 194 (1985)).

Defendant contends the phrase "any sexual conduct for which
any person can be charged with a criminal offense" is vague and,
when properly interpreted in this context, must include only
felony offenses and must exclude misdemeanor conduct.

**A.   Plain Meaning of "A Criminal Offense."**

The common meaning of a "criminal offense" is generally
understood to include both minor and serious crimes.   *See*
*Merriam-Webster's Collegiate Dictionary* 296, 861 (11th ed. 2003)
(defines "crime" as "an act that is forbidden . . . that makes
the offender liable to punishment by [] law" and defines
"offense" as "an infraction of law; *esp*:  MISDEMEANOR").   In
addition, *Black's Law Dictionary* defines "criminal offense" under
"offense" as "a violation of the law; a crime, often a minor one"
and contrasts "criminal offense" with a "serious offense" or
"felony," which are defined as "serious crime[s] usu[ally]
punishable by imprisonment for more than one year . . .
[e]xamples include burglary, arson, rape, and murder."   *Black's
Law Dictionary* (8th ed. 2004).   Indeed, the Supreme Court has
discussed the term "criminal offense" in these broad terms as
including "minor offense[s]" such as a "class C misdemeanor."
*Lawrence v. Texas*, 539 U.S. 558, 575 (2003).

In contrast, Defendant cites a concurring opinion by Justice Scalia in *Lewis v. United States* in which he argues "offense" should be defined in terms of the common-law "basic categories of criminal offenses":  "murder, rape, assault, burglary, larceny, fraud, forgery, and so on."  523 U.S. 155, 178-80 (1998)(J. Scalia, concurring).  Justice Scalia, however, was discussing the meaning of "offense" when Congress drafted a statute in 1825, and he argued the 1825 definition should hold sway over the Supreme Court's contemporary interpretation.  *Id.*  The majority of the Court, however, disagreed and applied the word "offense" broadly to any conduct prohibited by law.  *Id.* at 161-62.  Justice Scalia's interpretation, therefore, is not controlling in this context.

The Supreme Court has held the judiciary presumes Congress legislates in light of relevant case law and familiar legal definitions.  *Abuelhawa v. United States*, 556 U.S. 816, 129 S. Ct. 2102, 2106-08 (2009)(concludes Congress intended the word "facilitate" to accord with judicial interpretations of "aiding and abetting" and based on definitions in *Black's Law Dictionary* that equate the terms).  Likewise, this Court presumes Congress drafted the language of § 2422(b) in reliance on the familiar legal definitions and relevant judicial interpretations that define "a criminal offense" broadly to encompass both felony and misdemeanor conduct.

**B.    Statutory Context.**

In addition to the plain meaning of the phrase "a criminal offense," the Court concludes the context of the statute and of Title 18 as a whole demonstrate Congress's clear intent to punish even misdemeanor conduct.  In § 2422(b) Congress used broad and sweeping language:

> **Whoever**, using the mail or **any** facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces **any** individual who has not attained the age of 18 years, to engage in prostitution or **any** sexual activity for which **any** person can be charged with a criminal offense, **or attempts to do so** . . . .

Emphasis added.  The Court concludes use of this language in the context of this statute reflects Congress's intent to rely on the broadest lawful interpretation of the statutory language.

According to Defendant, the Court should interpret the word "any" in § 2422(b) more narrowly in the circumstances of this case.  In support of his argument, Defendant again cites *Lewis v. United States* in which the Supreme Court limited the phrase "any enactment" of Congress from the Assimilated Crimes Act (ACA) to something less than its "literal reading."  523 U.S. at 162.  The *Lewis* Court, however, determined "any enactment" in that instance must be more narrowly interpreted than suggested by its plain meaning based on analysis of the purpose and context of the ACA.

*Id.* at 160-65 (plain meaning would "dramatically separate the statute from its intended purpose" that is indicated by the statutory context of the phrase and the historical development of the ACA).  Here the repeated use of the word "any" coupled with Congress's invocation of the extent of its territorial and maritime jurisdiction and the expansive set of verbs used to describe the unlawful acts (entice, persuade, coerce) strongly suggests Congress intended the word "any" to have its literal meaning.

It is also clear that Congress intended § 2422(b) to apply even when conduct only constitutes an "attempt" to entice, to persuade, or to coerce a minor into unlawful sexual activity. *See United States v. Goetzke,* 494 F.3d 1231, 1235-36 (9th Cir. 2007)("Congress has made a clear choice to criminalize persuasion and the attempt to persuade, not the performance of the sexual acts themselves")(quoting *United States v. Bailey,* 228 F.3d 637, 639 (6th Cir. 2000)).  In other words, § 2422(b), when read in its entirety, criminalizes not only actual criminal sexual conduct that is the intended goal of the described enticement, persuasion, or coercion, but § 2422(b) also criminalizes any attempt to persuade, to entice, or to coerce a minor to engage in such conduct.  Thus, the Court presumes Congress was aware the statute would likely encompass sexual activity that constitutes a misdemeanor, an attempted misdemeanor, or an attempt to commit

more serious crimes.  The Court notes, for example, that the attempt to commit a Class C or other unclassified felony is a Class A misdemeanor under Oregon law.  Or. Rev. Stat. § 161.405.

Moreover, as the government points out, several sections of Title 18 show Congress knows how to limit the application of its laws to include or to exclude misdemeanor or felony conduct. *See, e.g.,* 18 U.S.C. § 922(g) (limits application of the statute to any person who has been convicted of a crime "punishable by imprisonment for a term exceeding one year" or to those who have been "convicted of a misdemeanor crime of domestic violence"); 18 U.S.C. § 924(e) (limits application of the statute to "violent felony" offenders); 18 U.S.C. § 3559e (limits application of the statute to "federal sex offenses").  Section 2422(b), however, does not include any such modifiers as to "a criminal offense" (such as "felony" or "federal crime") that would limit its application.

Finally, the Court notes the development of the statute over the past several decades reflects Congress's intent to require serious punishment of those who engage in prohibited sexual conduct with minors.  As the First Circuit stated in *United States v. Dwinnels*,

> Congress recently amended section 2422(b),
> *see* Adam Walsh Child Protection and Safety
> Act of 2006, Pub. L. No. 109-248, § 203, 120
> Stat. 587, 613, marking the third consecutive
> increase in the maximum available sentence
> for violations of section 2422(b).  *See* Pub.

> L. No. 104-104, § 508, 110 Stat. 56, 137
> (1996) (establishing maximum imprisonment
> term of ten years); Pub. L. No. 105-314,
> § 102, 112 Stat. 2974, 2975-76 (1998)
> (increasing maximum term to fifteen years);
> Pub. L. No. 108-21, § 103(a)(2)(B) &
> (b)(2)(A), 117 Stat. 650, 652, 653 (2003)
> (inserting five-year mandatory minimum and
> increasing statutory maximum to thirty
> years).  To us, this suggests a crystallizing
> vision on Congress's part of the need for
> stern punishment in this milieu.

508 F.3d 63, 69 (1st Cir. 2007).

Accordingly, the Court concludes the context of § 2422(b) leaves little doubt that Congress intended the phrase "a criminal offense" to include misdemeanor conduct and even attempted misdemeanor conduct.

C.    **"Any Sexual Activity."**

Although it was not clear in his Memorandum in support of his Motion, Defendant emphasized at the January 26, 2012, hearing that he also contends the phrase "any sexual activity" is vague. Defendant urged the Court to interpret that phrase narrowly to exclude activity such as the misdemeanor conduct at issue. Defendant relies on an opinion issued by Judge Richard A. Posner in *United States v. Taylor* in which the Seventh Circuit reversed the conviction of a defendant who performed on-camera masturbation for a minor and concluded the phrase "sexual activity" could not be so broadly construed as to encompass such an act.  640 F.3d 255, 256-60 (7th Cir. 2011).  Accordingly, the Seventh Circuit defined "sexual activity" to be synonymous with

14 - OPINION AND ORDER

"sexual acts" that require physical contact.  *Id.* at 259.  Thus,
the court held the Indiana felonies at issue were not sufficient
to trigger § 2422(b) because they did not involve actual physical
contact with the minor.  This analysis, however, is not helpful
to Defendant in the circumstances of this case because, as noted,
both Oregon statutes at issue expressly prohibit certain sexual
contact with minors that is physical in nature, and the
government alleges Defendant unlawfully attempted to entice or to
persuade a minor into such prohibited sexual and physical
contact.

Nevertheless, Defendant steadfastly relies on strongly-
worded *dicta* by Judge Posner in which he disagrees with
Congress's policy and elaborates on the potential effects of
§ 2422(b):

> For a federal statute to fix the sentence for
> a violation of a broad category of conduct
> criminalized by state law, such as "any
> sexual activity for which any person can be
> charged with a criminal offense," is a
> questionable practice.  Congress cannot know
> in advance what conduct the state will decide
> to make criminal:  if Indiana made leering a
> crime, and "sexual activity" were defined as
> broadly as the U.S. Attorney asks us to
> define it in this case, a minor offense would
> subject the offender to a 10-year minimum
> prison sentence.  No matter; the defendant
> does not question that "criminal offense" in
> section 2422(b) includes state crimes.
>
>                    * * *
>
> Does the government think that the term
> "sexual activity" in 18 U.S.C. § 2242(b)

> includes flirting?  Well, how about
> "flashing"?  That is "sexual activity" in the
> literal sense, though it does not involve
> physical contact and so is not a "sexual
> act."  It is generally considered a rather
> minor sex crime, certainly not the sort of
> crime for which a minimum of 10 years in
> prison is a proper sentence.  In Indiana, for
> example, "a person at least eighteen (18)
> years of age who knowingly or intentionally,
> in a public place, appears in a state of
> nudity with the intent to be seen by a child
> less than sixteen (16) years of age commits
> public indecency, a Class A misdemeanor."
> Ind. Code § 35-45-4-1(b).  And the maximum
> prison sentence for a Class A misdemeanor is
> only one year.  § 35-50-3-2.  Yet if the
> government's broad conception of "sexual
> activity" were accepted, then by virtue of
> that misdemeanor law a flasher in the lobby
> of the federal courthouse in South Bend, if
> charged under 18 U.S.C. § 2422(b), would be
> courting a prison sentence of at least 10
> years.

*Id*. at 256-58.

In the end, Defendant's position necessarily takes "any
sexual activity" out of its statutory context.  As the Court
noted at oral argument, the phrase "any sexual activity" in
§ 2422(b) is modified by the language that precedes and follows
it and requires the individual's use of any means of interstate
commerce to attempt to entice, to persuade, or to coerce a minor
into some prohibited form of such sexual activity.  Moreover,
Defendant misplaces his focus on irrelevant scenarios.  For
example, the potential prosecution under § 2422(b) of a person
who "streaks" through a courthouse with an intent to be seen by a
child under 16 (prohibited misdemeanor conduct under Indiana law)

16 - OPINION AND ORDER

is misplaced because one would have to "flash" himself over a mode of interstate commerce (such as a webcam on the internet) with the intent to entice a minor into some form of prohibited sexual activity beyond the flashing itself to constitute criminal conduct under § 2422(b).  Judge Posner's dicta in Taylor, therefore, is not helpful, and, in any event, it does not control the Court's interpretation of § 2422(b).

**D.  Absurdity.**

Defendant maintains the Court should interpret the statute so as to avoid the "absurd" result that Defendant's misdemeanor conduct[1] under state law is punishable by a ten-year mandatory minimum sentence under federal law. Defendant resorts to a canon of statutory construction that holds the Court should avoid a literal interpretation of the statute that produces an absurd result.  *See, e.g., United States v. Am. Trucking Ass'n*, 310 U.S. 534, 543-44 (1940).

In addition to *Lewis*, Defendant relies heavily on two additional Supreme Court cases to support his position that the

---

[1] Although Defendant appears to contend that his conduct was not, in fact, criminal conduct because he did not actually commit the misdemeanor offenses listed in the Superseding Indictment, the Court notes Defendant's alleged conduct would, in the light most favorable to the government, likely rise to an attempt to commit the Class A misdemeanors listed in the Superseding Indictment.  Such an attempt would be a Class B Misdemeanor pursuant to Oregon Revised Statutes § 161.405(e) under which a defendant is guilty of attempt to commit a crime "when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

Court should interpret § 2422(b) narrowly to avoid the absurd outcome of punishing Defendant's misdemeanor conduct with a ten-year mandatory minimum sentence.

The Court has already discussed *Lewis*.  In *Johnson v. United States*, the Court interpreted a statute that provided for an enhanced penalty for three prior "violent felony" convictions. 130 S. Ct. 1265 (2010).  The statutory definition of "violent felony" included a reference to the phrase "physical force," which was undefined.  *Id*. at 1268.  The Court refused to use a broad misdemeanor definition of "force" as an aid in defining "physical force" to determine which crimes constituted a "violent felony" because the result was a "comical misfit" in which a "violent felony" might include a battery of the "merest touching." *Id*. at 1270-74.  Thus, Defendant urges the Court to rely on the Supreme Court's distinction between misdemeanors and felonies in *Johnson* even though the Court's decision to reject a misdemeanor definition of battery was based on the statute's specific use of the term "violent felony."  *Id.*  The Supreme Court found it could not define "physical force" to include nonviolent touching encompassed by the misdemeanor of battery in light of the context of the modifier "violent." *Id.*  Without a comparable modifier in § 2422(b), however, there is not a comparable "comical misfit" in concluding that § 2422(b) applies to misdemeanor conduct.

In *Abuelhawa* the Supreme Court refused to find the defendant's use of a cell phone to "facilitate" a misdemeanor drug purchase was punishable under 21 U.S.C. § 843(b) as "facilitation" of a felony sale of drugs.  129 S. Ct. at 2104-05. Section 843(b) criminalizes "knowingly or intentionally [using] any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter" and was designed to stop felony drug distribution. 129 S. Ct. at 2104-05.  In rejecting a definition of "facilitate" that would result in making the buyer of drugs also a facilitator of the sale, the Court relied on the common usage of "facilitate"; its legal definition; its case-law analogies to traditional "aiding and abetting" concepts; the statutory context of the law's buyer-seller scheme of punishment, which includes lesser punishment for buyers and greater punishments for sellers; and, as Defendant points out, a comparison of the length of punishment for the crime if the misdemeanor purchase was transformed into a felony facilitation of a sale.  *Id.* at 2105-07.  Of these factors, Defendant focuses singularly in this context on the harshness of the ten-year mandatory minimum sentence.  As the Court has already concluded, however, the other factors considered by the Supreme Court in *Abuelhawa* weigh in favor of the interpretation of § 2422(b) adopted herein.

19 - OPINION AND ORDER

In any event, the Supreme Court does not use the term "absurd" in *Johnson, Abuelhawa*, or *Lewis*.   It is clear from its reasoning in each of these cases that the Supreme Court's interpretation of the statutes at issue derives from the plain meaning of the terms in those statutes and their context in the statutory schemes as a whole.   Moreover, none of the cases cited by Defendant provides an example of a statute that the Supreme Court interpreted narrowly solely on the basis of avoiding a harsh sentence.   Accordingly, the Court concludes *Johnson, Abuelhawa*, and *Lewis* each turn on the particular statutory context at issue in those cases, and none demands a more narrow interpretation of § 2422(b).

Finally, the Court concludes Congress intended § 2422(b) to address a very specific and deceptive means of involving minors in criminal sexual activity in a manner that is largely anonymous and inconspicuous but facilitated through a means of interstate commerce.   Although there is merit to the argument that it would be harsh to impose a ten-year mandatory minimum sentence for using the internet to attempt to entice a minor to engage in sexual activity that constitutes a misdemeanor under state law, that result does not render the Court's interpretation of § 2422(b) absurd especially in light of the very real public-safety risk that Congress meant to reach.

In summary, the Court concludes § 2422(b) is not vague or

ambiguous, and the phrase "any sexual activity for which any person can be charged with a criminal offense" in this context necessarily encompasses a defendant's attempt to entice, to persuade, or to coerce a minor to engage in physical sexual activity that is a misdemeanor under state law.

## II.  Rule of Lenity.

Based on his contention that § 2422(b) is ambiguous, Defendant also contends the Court should apply the Rule of Lenity in interpreting the statute.  The Court notes lenity requires interpretation of ambiguous criminal statutes in favor of the defendants subject to them.  *United States v. Nader*, 542 F.3d 713, 721 (9th Cir. 2008).  *See also United States v. Santos*, 553 U.S. 507, 514 (2008).   The Ninth Circuit held in *Nader*:

> The rule of lenity applies only where "after seizing every thing from which aid can be derived, the Court is left with an ambiguous statute." *Smith v. United States*, 508 U.S. 223, 239, 113 S. Ct. 2050, 124 L. Ed.2d 138 (1993)(refusing to apply rule of lenity where defendant had been convicted of using a firearm in the commission of a drug trafficking crime, but used the firearm only for barter, not as a weapon)(internal quotation marks omitted).  The language of the statute must be "grievously ambiguous." *United States v. Devorkin*, 159 F.3d 465, 469 (9th Cir. 1998)(citing *Chapman v. United States*, 500 U.S. 453, 463, 111 S. Ct. 1919, 114 L. Ed. 2d 524 (1991)).

542 F.3d at 721.

Because this Court has already concluded § 2422(b) is not "grievously ambiguous," the Rule of Lenity does not apply.  *See,*

21 – OPINION AND ORDER

*e.g., United States v. Dwinnells*, 508 F.3d 63, 69-70 (1st Cir. 2007)(declined to apply the rule of lenity to § 2422(b) despite "possible alternate constructions" since there was not any genuine uncertainty as to the meaning of the statute). In addition, the Court notes the Ninth Circuit considered the Rule of Lenity in the context of § 2422(b) in *United States v. Caldwell*, an unpublished opinion, and concluded:

> We affirm Caldwell's § 2422(b) conviction. His conduct was punishable under the federal enticement statute, as he attempted to induce "sexual activity for which [he could] be charged with a criminal offense" under California law. 18 U.S.C. § 2422(b); *see People v. Martinez*, 11 Cal. 4th 434, 444, 45 Cal. Rptr. 2d 905, 903 P.2d 1037 (Cal. 1995); *People v. Austin*, 111 Cal. App. 3d 110, 114, 168 Cal. Rptr. 401 (Cal. Ct. App. 1980). His arguments that § 2422(b) is unconstitutional fail under our settled precedent. *See United States v. Meek*, 366 F.3d 705, 721-22 (9th Cir. 2004); *United States v. Dhingra*, 371 F.3d 557, 561-62 (9th Cir. 2004). The rule of lenity does not apply. The statutes are not ambiguous.

No. 09-50202, 2010 WL 3157180, at *1 (9th Cir. Aug. 11, 2010).

Accordingly, the Court concludes the Rule of Lenity does not apply to the interpretation of § 2422(b) In the circumstances of this case.

**III. Doctrine of Constitutional Avoidance.**

Finally, Defendant challenges the application of § 2422(b) to the category of defendants that have committed or attempted to commit only misdemeanor offenses under state law. Under the

Doctrine of Constitutional Avoidance, Defendant contends the
Court should avoid raising "grave constitutional doubts" about a
potential violation of the Eight Amendment's prohibition against
cruel and unusual punishment by interpreting § 2422(b) to exclude
punishment for misdemeanor crimes.  Under this Doctrine, a
"statute must be construed, if fairly possible, so as to avoid
not only the conclusion that it is unconstitutional but also
grave doubts upon that score." *Almendarez-Torres v. United
States*, 523 U.S. 224, 237 (1998)("[T]he statute must be genuinely
susceptible to two constructions after, and not before, its
complexities are unraveled.  Only then is the statutory
construction that avoids the constitutional question a 'fair'
one.")(internal quotation and citation omitted)).  The Court must
"ascertain whether a construction of the statute is fairly
possible by which the question may be avoided." *Zadvydas v.
Davis*, 533 U.S. 678, 689 (2001)(quoting *Crowell v. Benson*, 285
U.S. 22, 62 (1932)).

The Court has concluded the statutory language in § 2422(b),
and, thus, the congressional intent, is clear and is not
"genuinely susceptible" to two constructions.  In *Dwinells* the
First Circuit held in a substantively different challenge to
§ 2422(b) than in this matter:

> [T]he doctrine of constitutional avoidance
> does not come into play unless alternative
> constructions of a statute are "fairly
> possible." *United States v. X-Citement*

*Video, Inc.*, 513 U.S. 64, 69, 115 S. Ct. 464, 130 L. Ed. 2d 372 (1994). Here, the absence of any ambiguity defeats the constitutional avoidance argument. *See, e.g., Jones v. United States,* 529 U.S. 848, 857, 120 S. Ct. 1904, 146 L. Ed. 2d 902 (2000) (noting that, as a precondition to application of the canon of constitutional avoidance, the statute in question must be fairly susceptible to differing constructions); *Nascimento*, 491 F.3d at 38 ("Courts simply are not free to interpret statutes as becoming inoperative when they approach constitutional limits.") (internal quotation marks omitted).

508 F.3d at 70.

Although the Ninth Circuit has not specifically ruled on this issue, the government cites cases from three other circuits that have addressed whether § 2422(b) raises Eighth Amendment concerns. *See United States v. Hughes,* 632 F.3d 956, 959-60 (6th Cir. 2011)(no inference that ten-year sentence is "grossly disproportionate"); *United States v. Nagel*, 559 F.3d 756, 763-64 (7th Cir. 2009)(Seventh Circuit denied facial and as-applied challenges and did not find any gross disproportionality in a ten-year sentence imposed under § 2422(b) on a defendant who had no criminal history or sexual offenses, who presented a low risk for recidivism, and where there was not any actual minor victim); *United States v. Butters*, No. 07-3172, 2008 WL 552483, at *4 (10th Cir. 2008)("[A]ttempted sexual enticement of a minor is a serious offense whether or not the defendant has successfully contacted an actual minor or has preyed on children in the past." . . . A ten-year mandatory minimum sentence "accurately reflects

24 - OPINION AND ORDER

the serious nature of the offense and is not inconsistent with other state and federal guidelines for child sex crimes." (internal quotation marks and citation omitted)).

Similarly, the Court concludes the Doctrine of Constitutional Avoidance is not applicable to this Court's interpretation of § 2422(b).  *See Clark v. Martinez*, 543 U.S. 371, 382 (2005)(The Doctrine is "a means of giving effect to congressional intent, not of subverting it.").  Although the Court does not find grounds at this stage to assess Defendant's categorical challenge to the statute's ten-year mandatory minimum sentence, Defendant has the right, if convicted, to make an "as-applied" challenge to § 2422(b) at sentencing based on the particular circumstances of his case.


## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#43) to Dismiss the Superseding Indictment (#38).

IT IS SO ORDERED.

DATED this 17th day of February, 2012.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


25 - OPINION AND ORDER